OPINION
{¶ 1} Defendant-appellant Donnie R. King ("King") brings this appeal from the judgment of the Court of Common Pleas of Shelby County denying his motion to withdraw his guilty plea after sentencing without a hearing.
 {¶ 2} King was indicted on one count of engaging in a pattern of corrupt activity and five counts related to drug trafficking. King and the State entered into a plea agreement by which King would plead guilty to the corrupt activity count and the remaining charges, as well as an unrelated and separately filed criminal case, would be dismissed. The State also agreed to refrain from prosecuting King for any additional criminal activities for which no indictment had yet been issued. On March 19, 1999, King entered a plea of guilty. At the hearing, the trial court questioned King about whether he was under the effect of any medications which would interfere with his ability to know and understand the effect of a guilty plea. King denied being under the influence of any medications and claimed that he understood what he was doing. King stated that his guilty plea was made voluntarily. After reviewing all of the elements set forth in Crim.R. 11, the trial court accepted the guilty plea and entered a judgment of guilt. On May 3, 1999, the trial court sentenced King to serve nine years in prison.
 {¶ 3} On December 9, 2002, King filed a motion to vacate his guilty plea. King attached his own affidavit stating that he was under the influence of Xanax at the time of the plea and did not know what he was doing. King also claimed that he was innocent of the charges. Also attached was the affidavit of Gary Boswell ("Boswell"), who claimed that King was not his accomplice and that King did not help him commit his offenses. This affidavit did not make any reference to King's state of mind at the change of plea hearing. On February 12, 2003, the trial court denied the motion to vacate the plea without a hearing. It is from this judgment that King raises the following assignment of error.
The trial court committed prejudicial error when it failed to conduct ahearing on [King's] motion to withdraw the guilty plea.
 {¶ 4} A motion to withdraw a guilty plea may be granted after sentencing only to correct a manifest injustice. Crim.R. 32.1. The decision whether to allow a defendant to withdraw a guilty plea is within the sound discretion of the trial court. State v. Xie (1992),62 Ohio St.3d 521, 584 N.E.2d 715. No evidentiary hearing is required on a post-sentence motion to withdraw a guilty plea when the record on its face conclusively contradicts the allegations the defendant presents in support of the motion to withdraw. State v. Grigsby 2nd Dist. No. 02CA16, 2003-Ohio-2823, at ¶ 21. Absent a showing of unreasonableness or arbitrariness, the decision of the trial court will not be reversed. Xie, supra.
 {¶ 5} In this case, King claims that he was under the influence of Xanax at the time of the change of plea hearing. However, the transcript from the hearing reveals the following dialogue.
The Court: * * * Now, are you the influence of any medication, any drug, or an intoxicating substance at this time? (sic)
The Defendant: No, sir.
The Court: Okay.
Mr. Lopez: For the record, Your Honor, the plea form will indicate that within the last — yesterday my client took Xanax and one Prozac yesterday.
The Court: Well, let me ask you this, Mr. King. If that's the case, are those medications in any way interfering with your ability to know and understand what you're doing here this morning?
The Defendant: Oh, no, sir. I know exactly —
The Court: You understand what the procedure —
The Defendant: I know exactly what's going on.
The Court: All right. That's the important thing.
The Defendant: Yes, I know what — I know.
Tr. 6. The statements made by King at the change of plea hearing directly contradict the contents of his affidavit filed more than three years later. Because of this direct contradiction, the trial court was not required to grant King an evidentiary hearing before denying the motion to vacate his plea.
 {¶ 6} In addition, King filed the affidavit of Boswell. Boswell claimed in his affidavit that King was not his accomplice in the charge for which Boswell was convicted. However, the affidavit does not state the offense for which Boswell was convicted or how it relates to King's conviction. The affidavit also does not make any claim about King's state of mind at the change of plea. Thus, there is no evidence in the affidavit that would substantiate King's claim that his guilty plea was not voluntary. The trial court did not abuse its discretion in denying the motion to vacate the plea and the assignment of error is overruled.
 {¶ 7} The judgment of the Court of Common Pleas of Shelby County is affirmed.
Judgment affirmed.
SHAW and CUPP, JJ., concur.